**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | **Case No. 13-cr-243-PWG** |
| SHAUN ORLANDO GRIER | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant Shaun Orlando Grier's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 122. Mr. Grier is currently incarcerated in Federal Correction Institution, Loretto ("FCI Loretto") in Loretto, Pennsylvania. Def.'s Mot. Mem. 2, ECF No. 128. Mr. Grier is serving a 350-month sentence for: (1) possession with the intent to distribute phencyclidine in violation of 21 U.S.C. § 841; (2) possession with the intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 841; (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); and (4) possession of a firearm in furtherance of a drug trafficking offense. J. 1, ECF No. 79. Mr. Grier has been detained and incarcerated since April 11, 2013. Def.'s Mot. Mem. 2. On January 25, 2021, Mr. Grier filed a motion requesting that the Court release him because of the "extraordinary and compelling" reasons presented by his vulnerability to COVID-19. *Id.* at 1. I have reviewed all the materials[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons discussed below, Mr. Grier's motion is DENIED.

---

[1]     The motion is fully briefed.  *See* ECF Nos. 122,  128, 131, and 136.

**BACKGROUND**

On April 11, 2013, the DEA and other law enforcement agents executed a warrant to search Mr. Grier's residence. Gov't Resp. 1, ECF No. 131. They seized various items including different quantities and types of drugs, drug paraphernalia, firearms, ammunition, and body armor. *Id.* On April 25, 2013, then-Chief U.S. Magistrate Judge William Connelly issued a criminal complaint charging Mr. Grier with being a felon in possession of a firearm under 18 U.S.C. § 922(g). Crim. Compl., ECF No. 1. On May 13, 2013, a federal grand jury for the District of Maryland returned an indictment charging Mr. Grier with possession with intent to distribute phencyclidine, in violation of 21 U.S.C. § 831, and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Indictment, ECF No. 13. On July 1, 2013, the grand jury returned a superseding indictment that added a count for unlawful possession of body armor. Superseding Indictment, ECF No. 27. On September 23, 2013, the grand jury returned a second superseding indictment charging the defendant with (1) possession with intent to distribute phencyclidine and cocaine, in violation of 21 U.S.C. § 841; (2) possession with the intent to distribute twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. § 841; (3) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); (4) unlawful possession of body armor, in violation of 18 U.S.C. § 931(a)(2); and (5) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Second Superseding Indictment, ECF No. 33.

On September 27, 2013, the Government filed a notice pursuant to 21 U.S.C. § 851(a), notifying the Court and Mr. Grier that if Mr. Grier were convicted, certain enhanced penalties would apply because of Mr. Grier's prior convictions, including: cocaine possession in 1990, possession with intent to distribute phencyclidine in 1994, possession with the intent to distribute cocaine in 1998, and possession with the intent to distribute phencyclidine and cocaine in 2006.

2

Notice Intent to Seek Enhanced Penalties, ECF No. 37. On November 14, 2013, a jury convicted Mr. Grier on all counts in the second superseding indictment except for the body armor count (Count 4). Jury Verdict, ECF No. 66. On January 2, 2014, Judge Williams sentenced Mr. Grier to 350 months in prison, followed by eight years of supervised release. J. 2–3. Mr. Grier has been in custody since April 11, 2013. Def.'s Mot. Mem. 2. Without good time credits, Mr. Grier is scheduled to be released on June 8, 2042, and with full good time credits, his release date may be as early as February 15, 2038. Gov't Resp. 3. Therefore, Mr. Grier has served less than one-third of his sentence.

Mr. Grier, who is 53 years old, suffers from obesity, with a body mass index of 37, Type 2 diabetes, hyperlipidemia (high cholesterol), and a history of smoking. Def.'s Mot. Mem. 1, 5–6; Exhibit B. According to the Center for Disease Control ("CDC"), some published factors for developing a severe case of COVID-19 are obesity, defined as a body mass index of 30 or higher, Type 2 diabetes, and those who smoke or have a history of smoking. CDC, *People of Any Age with Underlying Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precuations/people-with-medical-conditions.html. Mr. Grier has already contracted COVID-19 and claims that he suffers from ongoing effects of the disease, including an exacerbation of joint pain. Def.'s Mot. Mem. 7.

In opposition, the Government asserts that although Mr. Grier has exhausted his administrative remedies, he has not shown extraordinary or compelling reasons for his release. Gov't Resp. 8. The Government argues that despite Mr. Grier's Type 2 diabetes and obesity, he already contracted and recovered from COVID-19, and only experienced mild symptoms. *Id.* at 9. Further, the Government contests Mr. Grier's claim that there is a distinct possibility that he will contract COVID-19 again because the Government asserts that the Bureau of Prisons has been

vaccinating incarcerated individuals.[2] *Id.* at 10. Additionally, the Government argues that Mr. Grier is still a danger to the community. *Id.* at 11.

**DISCUSSION**

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. High,* 997 F.3d 181, 185 (4th Cir. 2021). However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here, Mr. Grier requests a modification of his sentence for "compassionate release" under the First Step Act, as amended.[3] The First Step Act permits a defendant to petition a federal court directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Under the statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the Bureau of Prisons ("BOP") received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

**I.  Administrative Exhaustion**

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on

---

[2]     As of July 14, 2021, 586 inmates at FCI Loretto, and 132 staff have been vaccinated; and there are no active COVID-19 cases. *See* Federal Bureau of Prisons, *COVID-19,* https://www.bop.gov/coronavirus/index.jsp.
[3]     The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the BOP. In 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended, the compassionate release provision allows the Court to act on a motion for compassionate release filed by a defendant.

the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A). This condition is satisfied. On July 15, 2020, Mr. Grier filed a request for reduction in his sentence with the warden at FCI Loretto. Def.'s Mot. Mem. 3. On August 17, 2020, the warden acknowledged receipt of Mr. Grier's request and denied it, citing that Mr. Grier was not completely disabled. *Id.* Mr. Grier attempted to appeal the warden's decision, but the Administrative Remedy Coordinator found his request to appeal to be untimely. *Id.*; *see* Exhibit A, ECF No. 128-1. As mentioned above, the Government agrees that Mr. Grier has exhausted his administrative remedies, and that this Court has authority to rule on this motion. Gov't Resp. 8.

## II.     Extraordinary and Compelling Reasons

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements. 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has found that there is no applicable policy statement that governs a defendant's motion for compassionate release. *High*, 997 F.3d at 186 (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)). Additionally, I join with the majority of courts in finding that 18 U.S.C. § 3582(c)(1)(A)(i), as amended, grants courts with independent discretion to decide whether there are "extraordinary and compelling reasons" to modify a sentence and does not require that a court defer to the Sentencing Commission's policy statements regarding this question. *See United States v. Wise*, Criminal No. ELH-18-72, 2020 WL 2614816, at *7-9 (D. Md. May 22, 2020) (holding the same and collecting cases). As the Fourth Circuit observed, district courts have discretion to independently assess whether circumstances meet the extraordinary and compelling threshold. *McCoy*, 981 F.3d at 281-82. More specifically, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release

that a defendant might raise.'" *Id.* at 284 (citing *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). However, while not binding, the Sentencing Commission's policy statements may provide useful guidance. *Id.* at 279 (citing *United States v. Bryant*, Crim. No. 95-202-CCB-3, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020), *aff'd sub nom. United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020)).

The Sentencing Commission's policy statements in U.S.S.G. § 1B1.13 offer guidance here. Section 1B1.13 recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including the statement that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G § 1B1.13(2). The commentary to the policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C); *see also McCoy*, 981 F.3d at 280-81.

Mr. Grier asserts that his underlying medical conditions—Type 2 diabetes, obesity, hyperlipidemia, and a history of smoking—put him at a higher risk for serious illness as a result of COVID-19. Def's Mot. Mem. 3–4 (citing the CDC and other authorities). The Fourth Circuit has noted that "COVID-19 raises medical issues in the prison context that are particularly serious — it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." *High*, 997 F.3d at 185. Thus, a petitioner can present an extraordinary and compelling reason related to COVID-19. *Id.* The district courts have discretion to determine how to resolve such motions. *Id.* Judges in this Court have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where petitioners have serious medical problems that placed them at high risk for complications if they contracted COVID-19. *See, e.g.*, *United*

*States v. Jennings*, Case No. 13-cr-46-PWG, 2020 WL 4748462, at \*4 (D. Md. Aug. 17, 2020) (citing cases in this Court and other courts, and the application to multiple serious conditions); *but see United States v. Taylor*, No. 17-cr-0268-PWG, 2020 WL 6322620 (D. Md. Oct. 28, 2020), *appeal dismissed*, No. 20-7632, 2021 WL 1784092 (4th Cir. Jan. 13, 2021) (finding that hypertension and high BMI were not sufficient to warrant prisoner's release when the spread of coronavirus in his BOP facility was under control, and prisoner did not show that he would not receive appropriate treatment at his BOP facility, or a nearby medical facility if he were to contract the virus). This Court also has declined to find that the fact that the petitioner has contracted COVID-19 and recovered is determinative, although it certainly is a relevant factor . *See United States v. Williams*, No. 19-CR-134-PWG, 2020 WL 3073320, at \*4 (D. Md. June 10, 2020) (finding that even though the petitioner had contracted COVID-19 and recovered, he could still contract it again).

Additionally, the judges of this Court have dealt with increased rates of COVID-19 inoculation differently. *Compare United States v. Gregory*, No. CR SAG-13-0034, 2021 WL 1909605, at \*5 (D. Md. May 12, 2021) (concluding that the petitioner's COVID-19 vaccination removed his pulmonary-related conditions from the category of risk constituting an "extraordinary and compelling reason"), *and United States of America v. Dion Alexander, Defendant.*, No. CR RDB-16-364, 2021 WL 2661395, at \*3 (D. Md. June 29, 2021) (taking into account falling COVID-19 infection figures and rising vaccinations when denying that petitioner had "extraordinary and compelling" reasons for release), *with United States v. Spriggs*, No. CR CCB-10-354, 2021 WL 1856667, at \*3 (D. Md. May 10, 2021) (finding that petitioner's receipt of one vaccination shot did not greatly decrease the court's concern regarding his vulnerability to COVID-19 when he had underlying medical conditions and there are new variants of COVID-19).

Certainly, the situation regarding COVID-19 is rapidly evolving, and new information about the virus and risk factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.

Here, Mr. Grier's medical conditions of obesity, Type 2 Diabetes, hyperlipidemia, and a history of smoking are sufficient to meet the extraordinary and compelling circumstances threshold within the context of COVID-19. *See United States v. Thorpe*, No. 15-CR-296-PWG, 2021 WL 2155056, at \*2 (D. Md. May 27, 2021) (acknowledging authority from this Court that obesity alone is sufficient to meet the extraordinary and compelling threshold). Additionally, despite the Government's assertions that Mr. Grier had mild symptoms from COVID-19 and has recovered, the long-term impact of the disease is far from certain, and it is possible that Mr. Grier could contract COVID-19 again. *See Williams*, No. 19-CR-134-PWG, 2020 WL 3073320, at \*4. However, as the Government asserted, vaccinations are increasingly available at FCI Loretto, and they can reduce the risk of contracting the virus as well as the severity of an individual's symptoms if they do contract it. *See* Gov't Resp. 10. At the same time, whether Mr. Grier has been vaccinated is not dispositive, as we are still learning about the level of protection that vaccinations provide for individuals with various medical conditions. *See Spriggs*, No. CR CCB-10-354, 2021 WL 1856667, at \*3. Therefore, Mr. Grier's medical conditions can still present extraordinary and compelling circumstances, even with increasing COVID-19 inoculation rates.

These concerns are further considered in the analysis of the sentencing factors.

## III.     Sentencing Factors

A finding of "compelling and extraordinary reasons" is a necessary but not sufficient condition for compassionate release. This Court also must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors

are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense." 18 U.S.C. § 3553(a).

Mr. Grier's crime undoubtedly was serious: he was convicted of not only possessing drugs with the intent to distribute, but also possessing firearms as a felon, and possessing firearms in furtherance of a drug traffic offense. *See* Jury Verdict. Furthermore, as the Government noted, Mr. Grier has ten prior convictions, one of which was assault using a handgun during a crime of violence in 2000. *See* Gov't Resp. 11.

Additionally, Mr. Grier has served less than one-third of his 350-month sentence. *Compare United States v. Jennings*, Crim. No. PWG-13-046, 2020 WL 4748462, at *5 (D. Md. Aug. 17, 2020) (early release of approximately two weeks after serving 94 months in prison is consistent with the sentencing factors) *with United States v. Carter,* No. PGW-17-529, 2021 WL 307417, at *4 (D. Md. Jan. 29, 2021) (finding that one-third of a sentence is "not a significant portion of [a] sentence" and "unlike most of the defendants who were granted compassionate release"). Mr. Grier argues that he was sentenced to 350 months imprisonment because he was inappropriately classified as a career offender. *See* Def.'s Mot. Mem. 9, 11. Mr. Grier further asserts that if he had not been classified as a career offender, his sentence would have been 92-115 months instead of 350 months. *See id.* at 9. Conversely, the Government asserts that considering Mr. Grier's classification as a career offender, he was sentenced below the guideline range of 420 months to life. *See* Gov't Resp. 14. I find that Mr. Grier was properly classified as a career offender given his extensive criminal record.

Considering all of the circumstances, I find that granting release at this time would be inconsistent with the sentencing factors set forth in § 3553(a)—Mr. Grier was convicted of a serious crime and has served less than one-third of his sentence.

## CONCLUSION

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Mr. Grier faces based on his obesity, Type 2 diabetes, hyperlipidemia, and a history of smoking. However, I find that granting Mr. Grier's release at this time would be inconsistent with the sentencing factors set forth in § 3553(a). Therefore, Mr. Grier's motion for compassionate release is denied.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this 26th day of July 2020, hereby ORDERED that the Emergency Motion for Compassionate Release, ECF No. 122, is DENIED.

    /S/    
Paul W. Grimm
United States District Judge

10