**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Crim. No. DLB-13-243 |
| **SHAUN ORLANDO GRIER,** | * | |
| Defendant. | * | |

**MEMORANDUM**

Shaun Orlando Grier is serving a 180-month sentence for possession with the intent to distribute phencyclidine in violation of 21 U.S.C. § 841(a); possession with the intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a); being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). Grier seeks a reduction in his sentence under 18 U.S.C. § 3852(c)(1)(A)(i). For the following reasons, Grier's motion for a reduction in sentence is denied.

I.   **Background**

In May 2013, Grier was indicted federally for possession with intent to distribute phencyclidine and possession of a firearm after having been convicted of a felony. ECF 13. Later that year, on September 23, 2013, Grier was indicted on five counts: possession with intent to distribute phencyclidine in violation of 21 U.S.C. § 841 (Count One), possession with the intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 841 (Count Two), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count Three), unlawful possession of body armor in violation of 18 U.S.C. § 931(a)(2) (Count Four), and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count Five). ECF 33. On September 27, 2013, the government filed a notice pursuant to 21 U.S.C. § 851(a),

notifying the Court that Grier was subject to certain enhanced penalties if convicted of 21 U.S.C. § 841 because of his previous controlled substance convictions. ECF 37.

Grier proceeded to a jury trial on November 5, 2013. After a six-day trial, the jury convicted Grier of every charge except the body armor charge. ECF 66. Sentencing occurred on January 2, 2014. ECF 76. At sentencing, Grier conceded, and the Court found, that he was subject to a mandatory minimum sentence of 15 years for his § 922(g) conviction followed by a mandatory consecutive five-year sentence for his § 924(c) conviction. ECF 99, at 12:8–12, 38:1–2, 40:2–9. According to the PSR, Grier's guidelines were 240 months on Count One and 360 months to life on Counts Two and Three. ECF 74, ¶ 78. Because Grier also was convicted of Count Five, the guidelines range for Counts Two, Three, and Five was 420 months to life. *Id.* The Court sentenced Grier to 290 months as to Counts One, Two, and Three to run concurrently, and 60 months as to Count Five to run consecutively, for a combined total of 350 months. ECF 79. The Court also sentenced Grier to three years of supervised release as to Count One, eight years of supervised release as to Count Two, and five years of supervised release as to Counts Three and Five, all to run concurrently. *Id.* The Fourth Circuit affirmed Grier's conviction. *See United States v. Grier*, 619 F. App'x 227 (4th Cir. 2015) (per curiam).

In 2017, Grier moved to vacate his conviction under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. *United States v. Grier*, No. 13-cr-243-PWG, 2019 WL 4168861, at *1 (D. Md. Sept. 3, 2019). The court denied that motion, *id.*, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal, *United States v. Grier*, 797 F. App'x 800 (4th Cir. 2020) (per curiam).

In 2021, Grier moved for compassionate release based on his vulnerability to COVID-19. *United States v. Grier*, No. 13-cr-243-PWG, 2021 WL 3142024, at *1 (D. Md. July 26, 2021). The

court denied that motion, *id.*, and the Fourth Circuit affirmed, *United States v. Grier*, No. 21-7181, 2022 WL 1686397, at *1 (4th Cir. May 26, 2022).

Grier filed the pending motion for a reduction in sentence on January 16, 2025, arguing that, if he were sentenced today, he would not be subject to a 15-year mandatory minimum sentence under 18 U.S.C. § 924(e) for the § 922(g) conviction and that his sentencing guidelines would be much lower. ECF 147. Six days later, on January 22, 2025, Grier received an executive grant of clemency that commuted his sentence to a total term of 180 months. ECF 148. Grier's current release date is February 4, 2026. The government filed an opposition to the motion for a reduction in sentence. ECF 152. Grier filed a reply in support of his motion. ECF 153.

**II.    Discussion**

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022). However, the First Step Act, enacted in December 2018, permits courts to reduce a prison sentence on a defendant's motion if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); First Step Act of 2018, Pub. L. No. 115-391 § 603(b), 132 Stat. 5194, 5239. The First Step Act requires the defendant to administratively exhaust his request before filing a motion for a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A).[1] When these criteria are met, the court must consider the applicable factors in 18 U.S.C. § 3553(a). *Id.*

Title 18 U.S.C. § 3582(c)(1)(A)(i) does not define "extraordinary and compelling reasons." The United States Sentencing Commission's Policy Statement, as amended on November 1, 2023, states that "extraordinary and compelling reasons" for release exist when (1) the defendant has a

---

[1] Grier has exhausted his administrative remedies. *See* ECF 152, at 4.

3

terminal illness or a serious physical or mental health condition that substantially and permanently diminished the defendant's "ability . . . to provide self-care" or that requires "long-term or specialized medical care" that the prison is not providing, or there is or imminently will be an infectious disease outbreak or public health emergency at the facility where the defendant is housed, the defendant is at an increased risk of severe medical complications or death from exposure, and that risk cannot be mitigated; (2) the defendant is at least 65 years old and other criteria are met; (3) "the caregiver of the defendant's minor [or incompetent] child" dies or is incapacitated; the defendant's spouse, registered partner, parent, immediate family member, or other "individual whose relationship with the defendant is similar in kind" is incapacitated and there is no other available caregiver; (4) someone in custody or control of the defendant, while they were serving the sentence they seek to reduce, sexually abused them or caused "serious bodily injury" from physical abuse; (5) "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; or (6) if the defendant has served at least 10 years of an unusually long sentence, the court may consider a change in the law, if such a change would "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(1)–(6).

     Grier argues that he has shown extraordinary and compelling reasons for a sentence reduction under U.S.S.G. § 1B1.13(b)(5) and (6). As Grier sees it, if he were sentenced today, he would not be subject to a 15-year mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), for the § 922(g) conviction. *See* ECF 147, at 7–11. And if he were sentenced today, he would no longer qualify as a career offender under U.S.S.G. § 4B1.1, and his

guidelines range for the convictions under 18 U.S.C §§ 841 and 922(g) would be 97 to 121 months, rather than 360 months to life. *Id.* at 11–17, 20–21. Grier does not dispute that, if he were sentenced today, the Court would have to impose a consecutive 60-month sentence for the § 924(c) conviction. *Id.* at 24. Thus, according to Grier, his advisory guidelines range, if he were sentenced today, would be 157 to 181 months. *Id.* Grier has already served 10 years of his sentence, and the government concedes that Grier's sentence likely would be lower if he were sentenced today. ECF 152, at 9. However, the government argues that because Grier's commuted sentence falls within his proposed recalculated guidelines range, Grier has not shown extraordinary and compelling reasons for an additional reduction in sentence. The Court agrees with the government.

Under § 1B1.13(b)(6), a court may consider "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) . . . in determining whether the defendant presents an extraordinary and compelling reason." But the court may consider a change in the law only "where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." U.S.S.G. § 1B1.13(b)(6). Here, even if a change in law produced a gross disparity between the original sentence imposed on January 2, 2014 and the sentence that was likely to be imposed on January 16, 2025, when Grier filed his motion, that gross disparity was eliminated when, just six days after the motion was filed, President Biden commuted Grier's 350-month sentence to 180 months. The 180-month sentence Grier is currently serving is within the guidelines range that Grier believes would apply now. There is no gross disparity between the sentence Grier is currently serving and a sentence that falls within the guidelines range that Grier has calculated. *See United States v. Johnson*, No. 3:00-cr-00026, 2025 WL 233586, at *5 (W.D. Va. Jan. 17, 2025) ("[W]here Johnson is serving a sentence that

5

continues to fall within the current Guidelines range, the Court is hard-pressed to conclude that Johnson faces a gross disparity in sentencing outcomes that justifies compassionate release."); *United States v. Curry*, No. 3:16-cr-74, 2024 WL 203231, at *3 (W.D.N.C. Jan. 18, 2024) (finding no gross disparity when defendant's sentence was one month longer than his recalculated guidelines range). Grier has not shown extraordinary and compelling reasons for a reduction in sentence under U.S.S.G. § 1B1.13(b)(6).

The result is the same under § 1B1.13(b)(5). Section 1B1.13(b)(5) extends broadly to "any other circumstance or combination of circumstances" similar in gravity to those described in paragraphs (1) through (4). Grier does not cite any such circumstances. Instead, as grounds for relief under § 1B1.13(b)(5), Grier relies solely on the gross disparity between his original sentence and the sentence he would likely receive if he were sentenced under current law. But under the guidelines, a change in the law (except as provided in subsection (b)(6)) "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists." U.S.S.G. § 1B1.13(c). Because Grier relies exclusively on a change in law to justify his sentence reduction and he has not established circumstances similar in gravity to those described in paragraphs (1) through (4), Grier is not entitled to a reduction in sentence under § 1B1.13(b)(5).

Because Grier has not shown extraordinary and compelling reasons warrant a reduction in his 180-month sentence, the Court denies his motion.

### III.    Conclusion

Shaun Orlando Grier's motion for reduction in sentence under 18 U.S.C. § 3852(c)(1)(A)(i) is denied. A separate order follows.

Date: July 10, 2025

Deborah L. Boardman
United States District Judge